ESTHER GRATT, Plaintiff, v. JOSEPH I. GRATT, Defendant.

Supreme Court, Special Term, Bronx County, September 13, 1952.

*Ralph Goldstein* for plaintiff.

*Frank Rosenblum* for defendant.

BREITEL, J. Plaintiff wife (Esther) moves for temporary alimony and counsel fee in her action for divorce. The corespondent named in the action is defendant's first wife, Fannie, whom he divorced in Arkansas in 1947, after a marriage of twenty-seven years. Immediately after that divorce he and Esther were married. Subsequently Fannie procured a declaratory judgment in this court entered March 27, 1950, to the effect that the Arkansas divorce was void and that she was defendant's lawful wife. A few days later defendant left Esther and took up his residence with Fannie.

The motion is resisted on the ground that the New York judgment declared Fannie (not Esther) to be defendant's lawful wife, and that Esther is therefore not entitled to alimony. Defendant urges also that Esther has no reasonable probability of success in this action because no adultery can be established, this court having declared Fannie to be his lawful wife.

Plaintiff relies on *Krause* v. *Krause* (282 N. Y. 355) which held that a defendant in a separation action is precluded from asserting that the judgment of divorce from a former wife which he obtained was void and did not give him the freedom to remarry which he appeared to possess.

The existence of the New York declaratory judgment is not such a circumstance as would prevent the application to this case of the principle of *Krause* v. *Krause.* Esther was not a party to that action and is not personally bound. The answer to defendant's argument that he is not Esther's husband is found in the opinion of the court in the *Krause* case:

" Nothing in this decision should be taken to mean that because the defendant may not in these proceedings avail himself of the invalidity of his Nevada decree he is not the husband of his first wife. On the contrary, the very theory that defendant is precluded in *these* proceedings presupposes that the true situation is the contrary of that which he may show in the case at bar." (282 N. Y. 360.)

The suggestion in plaintiff's brief (but not in the affidavits) that the declaratory judgment was obtained by collusion between defendant and Fannie need not be considered. That judgment is not binding on this plaintiff and defendant is estopped to assert the invalidity of the Arkansas divorce, on which invalidity the declaratory judgment was based.

As prescribed by the court in *Krause* v. *Krause* (*supra*), the needs of the first wife will be taken into account in arriving at the ability of defendant to support plaintiff.

Accordingly, this motion is granted. Temporary alimony is fixed at $25 a week. Counsel fee is fixed at $250, payable one half within ten days of service of the order herein and the balance when the action appears upon the Ready Day Calendar for trial. Settle order.